## COMMERCIAL INV. CO. v. TILL.
### (No. 3482.)

Court of Civil Appeals of Texas.   Texarkana.
Feb. 16, 1928.

Rehearing Denied Feb. 27, 1928.

Evidence ☞441(11)—Admitting parol testimony to show that note, payable in twelve installments, was payable in eighteen held error.

In action on note payable in twelve installments, where eleven installments had been paid, admitting parol testimony to effect that, if payments on first eleven installments were satisfactory, twelfth installment would be extended so as to allow six additional installments held reversible error.

Appeal from Harrison County Court; John W. Scott, Judge.

Action by the Commercial Investment Company against H. W. Till on a note and to foreclose a chattel mortgage. From a judgment for defendant, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Hall, Scott, Casey & Hall and B. R. Lindsay, all of Marshall, for appellant.

Huffman & Huffman and Jack Blalock, all of Marshall, for appellee.

HODGES, J.   On December 5, 1925, the appellee, Till, purchased an automobile from the Marks Motor Company of Marshall, Tex. $310 of the consideration was paid in cash, and a note for the sum of $706.80 executed, payable to the order of the appellant in this suit. The note was delivered to A. D. Marks, the owner of the Marks Motor Company, who later assigned it to the appellant. The note was payable in twelve monthly installments, eleven of which were for $39.26 each, and the twelfth for $272.94. The first eleven installments were due on the 5th day of each month, beginning with January 5, 1926, and ending November 5; the twelfth installment, for $272.94, was due December 5. Upon the failure of appellee to pay the last installment at maturity the appellant filed this suit in the county court of Harrison county, to recover the amount due and to foreclose a chattel mortgage. Appellee defended upon the ground that he had an understanding with Marks prior to the purchase of the automobile, that if the first eleven installments were paid in a satisfactory manner the twelfth installment would be extended, allowing payment in six additional monthly installments. The note introduced in evidence in the trial below was a plain promissory note containing a schedule of the installments, when due, and the amount to be paid on designated dates. It contained no provision for an extension of the last installment. Marks, a witness for the appellee, testified, over the objection of the appellant, as follows:

"At the time of the execution of the note and mortgage it was the clear and distinct understanding by H. W. Till and myself that the payments were to be made in eighteen monthly installments."

Over a similar objection the appellee was permitted to testify as follows:

"The note was payable in eleven installments of $39.26 each and one balloon, twelfth installment of $272.94. This balloon twelfth installment could be made payable in six additional installments as per the schedule shown beneath."

The schedule referred to by the witness was a printed card which had been sent out by the appellant in which it was stated that if payments on such previous installments were satisfactorily made the twelfth installment would be extended so as to allow six additional installments. That card was not a part of the note sued on.

The note being an unconditional promise to pay the sum of $272.94 upon the date mentioned, and containing no provision for an extension of the time for such payment, it was improper to allow the introduction of parol evidence which clearly varied the terms of the note. The judgment will therefore be reversed and judgment here rendered in favor of the appellant for the amount sued for, together with interest and attorney's fees and a foreclosure of the chattel mortgage.